PRICE, Respondent, vs. WISCONSIN TELEPHONE COMPANY, Appellant.

*March 11—April 7, 1925.*

*Telephone companies: Negligence: Leaving stub of telephone pole standing in sidewalk: Evidence: Ownership of pole: Sufficiency.*

Plaintiff brought an action to recover for personal injuries received by falling over the stub of a telephone pole which many years before had been cut off so that it projected about five inches above the sidewalk. *Held,* that plaintiff's testimony as to the ownership of the pole being indefinite and uncertain, and amounting at most to proof of title by reputation, was overcome by the direct, positive, and uncontradicted evidence of defendant; and having failed to establish that defendant was the owner of the pole, plaintiff is denied recovery.

APPEAL from a judgment of the circuit court for Winnebago county: FRED BEGLINGER, Circuit Judge. *Reversed.*

Personal injury. It is the claim of the plaintiff that the defendant at some time prior to November 8, 1921, erected a telephone pole about twelve inches in diameter in the sidewalk on the west side of Racine street in the city of Menasha. The place where the accident occurred is between Broad street and the point where Racine street merges into Main street; that prior to said date, at a time to the plaintiff unknown, the defendant, by its agents and em-

ployees, removed the telephone pole by sawing or chopping the same off about five inches above the level of the sidewalk, leaving the stump of the pole, about twelve inches in diameter, projecting above the level of the sidewalk, thereby rendering the sidewalk dangerous for public travel; that on the evening of November 8, 1921, at about 10 o'clock, the plaintiff fell over the stump of said telephone pole without fault or negligence on his part, was thrown to the sidewalk and sustained a broken hip. This action was begun to recover the damages which he sustained by reason of the injury.

The case was submitted to the jury on a special verdict, and the jury found (1) that plaintiff sustained the injury complained of by slipping on the stub in the sidewalk in front of the John Jankowski place; (2) that said stub was left in said sidewalk in the process of the removal of a pole left by some agents or employees of the defendant; (3) that the cutting of said pole at that time left said sidewalk in a dangerous condition for travel thereon by persons in the exercise of ordinary care; (4) that the act of the defendant in so cutting and leaving said pole stub was the proximate cause of plaintiff's injuries; (5) that no want of ordinary care on the part of plaintiff proximately contributed to his injuries; (6) assessed plaintiff's damages at the sum of $3,524. The usual motions were made after verdict, defendant's motions were denied, and plaintiff had judgment upon the verdict for the amount of damages found by the jury, from which judgment defendant appeals.

For the appellant there were briefs by *Miller, Mack & Fairchild,* and oral argument by *J. G. Hardgrove,* all of Milwaukee.

*E. H. Puhr* of Menasha, for the respondent.

ROSENBERRY, J. The case was thoroughly and exhaustively presented here. We shall not find it necessary, how-

ever, to discuss all of the questions raised either upon the oral argument or in briefs of counsel.

The principal controversy in this case relates to the ownership of the pole, which was cut down and removed about nineteen or twenty years before the happening of the accident to the plaintiff. Some claim is made by the plaintiff that the ownership of the pole is immaterial; that if the proof establishes that the pole in question was in fact cut down by defendant's agents and the sidewalk left in a dangerous condition, it is not necessary to prove the ownership of the pole. That would be true if it were established that the defendant authorized and directed its agents to cut down poles belonging to any one but itself or that it was done with the knowledge and approval of the defendant, or that, with knowledge and approval of what its agents had done, defendant had ratified their action. There is not a scintilla of evidence in the case tending to sustain any of these propositions. Therefore, if the plaintiff's proof as to the ownership of the pole fails, no liability against the defendant is established in this case.

It appears that the pole in question was situated near a bend in Racine street, in front of a saloon owned by one Jankowski. Upon the trial the plaintiff testified that he observed four men cutting down the pole in question; that he did not know their names, but he knew they were telephone company men because they were climbing the poles and taking off wires. When pressed as to how he knew they were *Wisconsin Telephone Company* employees his answer was, "because I know it." He could give the names of none of the men and was not able to amplify or corroborate his statements. At one point he testified that he knew that they were telephone company men because they had a wagon on which the words "Wisconsin Telephone Company" appeared, but his testimony in respect to that is so contradictory as to deprive it of any probative force. Jankowski testified, when asked what the pole was used for,

"Oh, I seen, as much as I can remember, telephone wires, between twelve and fourteen or so." He testified that the men who cut it down had "Wisconsin Telephone Company" on the wagon. It appeared upon cross-examination that it was a one-horse wagon and had the initials "W. T. Co." From other evidence it appears quite conclusively that the defendant company had never had such a wagon. He testified also as to the setting of the poles by the telephone company men and that a certain pole designated number two was set by the telephone men, whereas it was undisputed in the evidence that pole number two is the property of the traction company, which had a line of poles along Racine street. The testimony offered by the plaintiff was of a very unsatisfactory character, and if it had any evidentiary value it at most amounted to proof of title by reputation (3 Wigmore, Ev. (2d ed.) p. 381, § 1626) and is fatally indefinite and uncertain. Even if the testimony offered by the plaintiff be held sufficient to make a *prima facie* case, it is entirely overcome by the direct, positive, uncontradicted testimony offered by the defendant. The defendant company produced a crew who set its poles along the west side of Racine street in front of the Jankowski place. The members of the crew testified that they cut down no pole. It was further proven quite conclusively that prior to the erection of the telephone poles which now carry the defendant's wires the defendant never at any time had any of its equipment on the west side of Racine street. Prior to that time the lines were located on the easterly side of Racine street. Defendant's foreman, who had charge of the reconstruction work as a part of which the line was removed to the westerly side of the street, was produced as a witness, as was also N. G. Willarson, a repair man, who was thoroughly familiar with the locality. The poles erected by the defendant were first placed on the westerly side of the street in 1902. There are many other circumstances tending to prove that defendant did not own the pole in question. All of defendant's

poles on the westerly side of Racine street are of Western cedar. Poles numbers two and three, so described, the property of the traction company, are native or Wisconsin-Michigan cedar. The stub which remained in the ground is the remains of a Wisconsin-Michigan cedar pole and is not Western cedar. The city of Menasha at one time required the poles of utility companies to be painted, and the color of the paint as testified to does not correspond with the facts as established by the uncontradicted testimony.

Without reciting all of the testimony in the record, it is considered that the proof of ownership of the pole in question is wholly insufficient to raise a jury issue. Upon the testimony offered by the plaintiff standing uncontradicted, the ownership of the stub in question would rest in doubt and speculation. As has been before pointed out, under the evidence it was necessary for the plaintiff to establish ownership of the pole in the defendant. This he has failed to do.

*By the Court.*—Judgment appealed from is reversed, with directions to dismiss the plaintiff's complaint.